UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHOPPER LOCAL, LLC, a North Carolina limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BREWER, <br><br> Defendant. | Civil No. 17-00120 (RBK/AMD) <br><br> **OPINION** |

**Kugler,** United States District Judge:

This suit arises from Charles Brewer's ("Defendant") alleged behavior after his firing from Shopper Local, LLC ("Plaintiff"). Plaintiff brings this suit against Defendant to stop any such continued behavior. Presently before the Court is Plaintiff's motion for entry of default judgment against Defendant (Doc. No. 14). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a North Carolina limited liability company that contracts with grocery-store chains to provide in-store advertising.[1] (Compl. at 1-2). Defendant is a former employee and at-will sales representative for Plaintiff.[2] (*Id.*). Defendant sold advertisements in West Virginia and

---

[1] Its principle place of business is 2222 Sedwick Road, Durham, North Carolina 27713. (Compl. at 1).
[2] He is a West Virginia resident. (*Id.*). His last known home address is 40 Caledonia Drive, Martinsburg, West Virginia 25404. (*Id.*).

Maryland. (Compl. at 2). He signed a non-competition and confidentiality agreement ("Agreement") prohibiting him from working for a competitor within 24 months[3] and using or disclosing the company's confidential information and trade secrets.[4] (*Id.*; Ex. A). But Plaintiff terminated Defendant's employment on December 12, 2016 for not performing "as expected." (Compl. at 3).

After his termination, Defendant was allegedly quite disgruntled. (*Id.*). On December 26, 2016, Defendant called a branch of Keller Williams Realty in Moorestown, New Jersey and falsely identified himself as "Stan Long," a fictitious Shopper Local Employee.[5] (*Id.*). Keller Williams is one of Plaintiff's clients. Defendant then instructed Keller Williams to cancel its credit cards on file with Plaintiff due to an invented "network security breach." (*Id.*). On December 28, 2016, Defendant called a cosmetic dentistry office in Cinnaminson, New Jersey, and repeated the same story. (Compl. at 3). The dentistry pays by check though, so Defendant advised they call Jonathan Bach[6] as he would give them a 50% discount. (*Id.* at 3-4). Defendant—once again using the pseudonym Stan Long—made a similar call to Mount Laurel Home for Funerals in Mount Laurel, New Jersey on December 29, 2016. (*Id.* at 4). He instructed the customer cancel his credit card, and gave the customer Mr. Bach's cell phone number and said that Mr. Bach would give the customer a free six-month advertising cycle. (*Id.*).

---

[3] Presumably of termination, but that is not clear.
[4] Defendant subsequently had access to Plaintiff's customer lists, including customers based in Pennsylvania, New York, and New Jersey. (*Id.* at 3).
[5] Plaintiff uncovered this scheme because Keller Williams's caller ID system recorded "Stan Long's" phone number—Brewer's personal cell phone number. (*Id.*).
[6] Defendant's old supervisor. (*Id.*).

Plaintiff believes that Defendant will continue to contact customers in an effort to harm the company.[7] (Compl. at 5). Defendant has continued to contact and harass Plaintiff's employees—these contacts included ordering multiple pizzas to various employees' homes and not paying for them. (*Id.* at 5-6).

Plaintiff thus brought suit on January 6, 2017, and asserts four claims: Defamation (Claim One); Business Disparagement (Claim Two); Interference With Contractual Relations (Claim Three); and Breach of Non-Competition and Confidentiality Agreement (Claim Four). (*Id.* at 7-13). On March 8, 2017, Plaintiff served Defendant by serving his spouse at his last known home address. (Pl. Br. at 2; Doc. No. 11). Defendant has not answered or made an appearance in this case. On October 2, 2017, Plaintiff requested that the Clerk of the Court enter default against Defendant. (Doc. No. 13). The Clerk did so. Plaintiff then moved for default judgment. (Doc. No. 14). Plaintiff's "main purpose" in this case is to "obtain a permanent injunction from the Court prohibiting Defendant from defaming []or disparaging Plaintiff to its customers, interfering with Plaintiff[']s contractual relationships with its customers, and prevent Defendant from retaining, using []or disseminating in any way, Plaintiff's confidential information and trade secrets obtained during his employment with [Defendant]." (Pl. Br. at 2).

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default, except for those allegations pertaining to

---

[7] Defendant announced these intentions in a December 15, 2016 email to his former team. (*Id.* at 5).

3

damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

### III. DISCUSSION AND ANALYSIS

#### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, Plaintiff has plead damages in excess of $75,000. (Compl. at 10). The parties are citizens of different states. (*Id.* at 1). There is diversity jurisdiction. 28 U.S.C. § 1332.

We must also determine whether there is personal jurisdiction over Defendant. This Court has personal jurisdiction over the Defendant in the form of general jurisdiction because Defendant has "continuous and substantial" contacts with the forum state. *See Provident Nat'l Bank v. Fed. Sav. & Loan Ass'n* 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted).

Defendant's continuous contacts with Plaintiff's New Jersey clients—in overt, successful attempts to injure Plaintiff—are substantial enough to qualify here. This Court has personal jurisdiction over Defendant.

### ii. Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant, through his wife, was properly served with a summons in April 2017 and made no attempt to answer or defend the action. The Clerk appropriately issued the entry of default under Rule 55(a) on October 13, 2017.

### iii. Fitness of Defendants to be Subject to Default Judgment

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, Plaintiff's counsel avers that Defendant is not an infant, an incompetent person, or on active duty military service. (Decl. of Michael Korik at 5). Counsel states this upon information and belief,[8] and his good faith affirmation is sufficient to comply with Rule 55(b)(2). *See Firstbank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010).

---

[8] Defense counsel did attach a military active duty status report as well. (*See* Decl. of Michael Korik at 5; Ex. A).

*iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)).

Plaintiff properly plead its case. Defendant worked for Plaintiff. Plaintiff fired Defendant. Defendant subsequently lashed out in tortious ways—interfering with Plaintiff's contractual and commercial relationships with its clients, harassing Plaintiff's employees, and discrediting Plaintiff's name in the local business and advertising communities. Plaintiff now seeks to put an end to this behavior. Plaintiff's complaint properly states a cause of action against Defendant.

*v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co., Inc.*, No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, Defendant does not appear to have a cognizable defense to Plaintiff's claims. Defendant has submitted no defense and appears to be actively avoiding participation in this

lawsuit. (*See* Pl. Br.) Second, because Defendant has failed to answer the complaint or otherwise appear, Plaintiff suffers prejudice if it does not receive a default judgment because it has no alternative means of vindicating its claim against the defaulting party. *See Directv v. Asher*, 2006 WL 680533, at *2. Third, Defendant's failure to properly respond permits, but does not compel, the Court to draw an inference of culpability on its part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). The *Emcasco* factors therefore weigh in favor of entering default judgment.

> *vi. Conclusion*

Entry of default judgment is left primarily to the discretion of the district court. For the reasons discussed above, default judgment is appropriate.

## B. Damages and Injunctive Relief

Plaintiff's primary request is injunctive relief. Plaintiff seeks to enjoin and restrain Defendant and anyone acting in concert with Defendant from contacting customers, partners, employees, or contractors working with Plaintiff or coming within 500 feet of Plaintiff or Plaintiff's employees or independent contractors. (Pl. Mot. at 11-12). Plaintiff does not ask for monetary damages in its motion for default judgment. (*Id.*).

What Plaintiff wants is definitionally a prior restraint on speech or expression—Plaintiff wants to stop Defendant from speaking to certain people or entities in certain ways. But "[a]ny prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity." *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) (citing *Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 181 (1968); *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70, 83 (1963)). "Respondent thus carries a heavy

7

burden of showing justification for the imposition of such a restraint." *Better Austin*, 402 U.S. at 419. Furthermore, "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (citing *Princess Anne*, 393 U.S. at 189).

This Court is sympathetic to Plaintiff's request given the nature of its allegations against Defendant. But in order to restrain Defendant we must nevertheless diligently afford him the opportunity to be heard. As such, Plaintiff will be required to serve this opinion and the accompanying order on Defendant, and Defendant will be required to show cause as to why Plaintiff's request for injunctive relief should not be granted.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for default judgment against Defendant is **GRANTED**. An appropriate order shall issue.


Dated:    04/06/2018                                                        s/Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge